UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA KORWIN, et al., | ) | CASE NO. 5:23-cv-1124 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| STATE FARM FIRE & | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion for judgment on the pleadings filed by defendant State Farm Fire & Casualty Company ("State Farm"). (Doc. No. 20 (Motion).) Plaintiffs Rebecca and Douglas Korwin (collectively, "the Korwins") filed a response (Doc. No. 23 (Opposition)) and State Farm replied. (Doc. No. 25 (Reply).) For the reasons set forth herein, State Farm's motion is GRANTED IN PART AND DENIED IN PART. Additionally, the Korwins' request for leave to amend their complaint is DENIED.

**I.      BACKGROUND**

The pertinent facts are drawn from the Korwins' complaint and its attached documents. In September 2019, the Korwins purchased a new home in Akron, Ohio. (Doc. No. 1 (Complaint) ¶ 6.) Around the same time, the Korwins entered into an insurance contract with State Farm ("the Policy"). (*Id.*; *see also* Doc. No. 1-1 (Policy).) The Policy provided coverage from September 5, 2019 through September 5, 2020. (Doc. No. 1 ¶ 13.)

At some point during June 2020 there were heavy rains in the area and, on June 21, 2020, Mr. Korwin discovered water in the family's garage.[1] (*Id.* ¶¶ 17–19.) Within a matter of hours of this initial discovery, Ms. Korwin found water in the family's basement as well. (*Id.* ¶ 20.) Unsurprisingly, this unexpected water flow caused damage to the Korwins' home and their possessions. (*Id.* ¶¶ 22–24.) The Korwins hired a third-party company to "investigate and remediate" the damage and hired another company to help dry the damaged areas. (*Id.* ¶ 25.)

The Korwins promptly notified State Farm of the damage to their property and initiated the claims process. (*Id.* ¶¶ 26–29.) On July 28, 2020, a State Farm representative, Tom Clark ("Clark"), came to the Korwins' home for an inspection. (*Id.* ¶ 30.) According to the complaint, State Farm's representative refused to enter the home due to COVID-19, but he gave Ms. Korwin his camera to take photos of the damaged areas of the home and of the family's damaged property. (*Id.* ¶¶ 30–33.) The day after the State Farm representative visited the Korwins' home, he notified the couple, via email, that State Farm's coverage would extend only to the damage in the garage and not the damage in the basement.[2] (*Id.* ¶¶ 36–37; *see also* Doc. No. 1-2 (Initial Coverage Letter).) The areas were treated differently because, according to Clark, the damage in the garage

---

[1] According to the terms of the Policy, the deadline for when the Korwins could bring claims against State Farm under the contract began when a loss event occurred, not when the damage was discovered. (*See* Doc. No. 1-1, at 33 ("Any action by any party must be started within one year *after the date of loss or damage*.") (emphasis added).) The Korwins' complaint does not provide when the heavy rains occurred or when the water actually entered the Korwins' basement; the only date provided is the date of when the water was discovered. (Doc. No. 1 ¶ 17 ("On June 21, 2020, following heavy rains, [Mr.] Korwin *discovered* water in the garage[.]") (emphasis added).) State Farm seems to accept June 21, 2020, as the date on which the damage actually occurred. (*See* Doc. No. 20, at 2.) Given State Farm's acquiescence, the Court will assume for the remainder of its analysis that the damage to the Korwins' home occurred on June 21, 2020, and that June 21, 2020, is the beginning of the contractual limitations period.

[2] In the initial coverage letter State Farm also informed the Korwins that coverage would not be extend to damage to the couple's hot tub. (Doc. No. 1-2, at 2.) The Korwins' complaint limits their allegations of damages to the basement, the garage, and items contained therein. (*See generally* Doc. No. 1.) The Court's analysis will be similarly limited.

2

was caused by "water [coming] up through the drains within the dwelling[,]" whereas the damage to the basement was caused by "the drains . . . located outside the dwelling." (Doc. No. 1-2, at 2.)

The Korwins disagreed with State Farm's assessment and sought to challenge it. The family hired an attorney and retained an "expert . . . to assess how the water intruded into the basement." (Doc. No. 1 ¶ 38.) The expert inspected the property and authored a report finding that "any and all resulting water damage . . . was caused by interior home drains, not any exterior drains or the like." (*Id.* ¶ 39.) The Korwins provided the expert's report to State Farm at some unspecified point after the expert visited the home on February 25, 2021.[3] (*Id.* ¶ 40.)

Notably, the complaint is silent on State Farm's reaction, if any, to the Korwins' general disagreements with its coverage decision or to the factual findings contained within the Korwins' expert report. (*See generally id.*) More specifically, nothing within the complaint suggests that State Farm ever explicitly stated, or implicitly suggested through its words or acts, that it would reconsider its earlier, and clear, coverage decision. (*See id.*) Additionally, the complaint does not allege that State Farm ever promised payment to the Korwins. (*See id.*)

Roughly seven months after the Korwins' expert inspected their property, and well over a year from when the water damage occurred to the Korwins' home, counsel for State Farm—Joe Ritzler ("Mr. Ritzler")—spoke with the Korwins under oath and "at considerable length[.]" (*Id.* ¶ 42.) On July 1, 2022, Mr. Ritzler provided the Korwins with a "final coverage decision[.]" (*Id.* ¶¶ 43–44.) The complaint provides no allegations regarding the contents of the "final coverage decision" or the topics of Mr. Ritzler's questioning. (*See id.*)

---

[3] The complaint does not state when the expert's report was completed or provided to State Farm. (*See* Doc. No. 1 ¶¶ 39–40.) The only date provided within the complaint related to the expert is the date of the expert's inspection. (*Id.* ¶ 39.) Additionally, as far as the Court can tell, the expert report itself does not indicate when it was finalized or distributed to State Farm. (Doc. No. 4-2.)

On June 5, 2023—*i.e.*, just under three years from when the water damage occurred to the Korwins' home—the Korwins filed the present complaint. (*Id.*) The complaint alleges four causes of action against State Farm: (1) spoliation of evidence, pertaining to the photos Ms. Korwin took on a State Farm representative's camera and that the Korwins' allege was "willfully destroyed" by State Farm prior to discovery; (2) insurer's bad faith, for State Farm's claim processing and ultimate denial of coverage; (3) breach of contract, for State Farm's alleged failure to provide "full and proper coverage" to the Korwins; and (4) breach of the implied covenant[4] of good faith and fair dealing. (*Id.* ¶¶ 48–65.) On January 18, 2024, State Farm moved for judgment on the pleadings to dismiss the case in its entirety. (Doc. No. 20.) The Korwins filed a response (Doc. No. 23) and State Farm replied. (Doc. No. 25.) The motion is now ripe for review.

## II.  STANDARD OF REVIEW

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."

---

[4] The Korwins' complaint and State Farm's motion to dismiss refer to the "implied *covenants* of good faith and fair dealing." (*See* Doc. No. 1, at 9; Doc. No. 20, at 14.) Implied contractual obligations of good faith and fair dealing are traditional referred to as single covenant: the implied covenant of good faith and fair dealing. *See, e.g.*, *Urbassik v. Am. Fam. Mut. Ins. Co.*, 657 F. Supp. 3d 1015, 1024 (N.D. Ohio 2023); *see also* 23 Lord, *Williston on Contracts*, Section 63:22 (4th Ed. 2003). The Court will refer to these obligations as a singular covenant throughout the remainder of this memorandum opinion and order.

4

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

"A complaint need not contain 'detailed factual allegations.' But it must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *LM Ins. Corp. v. Criss for Estate of Szuhay*, 716 F. App'x 530, 533 (6th Cir. 2017) (first quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); and then *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Mere labels . . . are not enough." *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). The Court "need not accept legal conclusions in the complaint as being true[,]" *Eye Ctrs. of Am., LLC v. Series Protected Cell 1, a Series of Oxford Ins. Co. TN, LLC*, No. 22-5138, 2022 WL 13983763, at *2 (6th Cir. Oct. 24, 2022) (citing *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020)), unless the complaint has "supported [them] with enough pleaded facts[.]" *Bates*, 958 F.3d at 480. Nor should a court accept as true "a legal conclusion couched as a factual allegation." *Rondigo, L.L.C. v. Town of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . , its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984).

## III. DISCUSSION

State Farm seeks the dismissal of the Korwins' complaint in its entirety. (*See* Doc. No. 20, at 15 ("[T]his court must dismiss [p]laintiffs' complaint and claims related to the Policy and claims related to State Farm's handling of the June 21, 2020, date of loss.").)[5] State Farm contends that all of the Korwins' causes of actions are governed by the contractual limitations provision, which required that all claims be brought within one year of the date of loss or damage. (*Id.* at 11.)

The Korwins disagree on three fronts: two general and one specific. Beginning with the general, the Korwins first contend that they are "not required to anticipate and respond to every affirmative defense that a defendant may choose to assert." (*Id.* at 5 (quoting *Tapp v. Bob Evans Restaurants, LLC*, No. 5:19-cv-122, 2019 WL 2123207, at *2 (N.D. Ohio May 15, 2019).) Accordingly, the Korwins argue that State Farm's attempt to dismiss their complaint at the pleading stage due to its untimeliness is procedurally premature. (*Id.*) The Korwins do not provide any specific legal support for how this alleged general proposition of law interacts with a contractual limitations provision. (*Id.* (citing *Carter v. City of Troy*, No. 3:20-cv-484, 2021 WL 3809212, at *2 (S.D. Ohio Aug. 26, 2021) (a case regarding allegations of unlawful workplace discrimination on the basis of age); *Miller v. Am. Fam. Ins. Co.*, No. OT-02-011, 2002 WL 31888219, at *2 (Ohio Ct. App. Jan. 14, 199) (reviewing a lower court's grant of summary judgment and not discussing the effects of affirmative defenses at the motion to dismiss stage)).) Second, the Korwins contend that if the Court does evaluate the timeliness of their complaint at this stage, it should find that their claims are timely because "State Farm waived the contractual limitations period" through its conduct. (Doc. No. 23, at 2.) The Korwins' final, and specific,

---

[5] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

argument against State Farm's motion is that their "bad faith claim" (*i.e.*, their second cause of action) sounds in tort law, not contract, and, thus, is not governed by the limitations period contained within the contract. (Doc. No. 23, at 4.)

Finally, in the event that the Court agrees with State Farm's view of the case and grants its motion, the Korwins' opposition raises an additional procedural point. In their opposition, the Korwins contend that if the Court should find their complaint insufficient as a matter of law, then the Court "should grant [the Korwins] leave to amend their complaint to include the allegations and documents which they assert support a finding of waiver." (Doc. No. 23, at 6.) The Korwins' did not elaborate on what specific "allegations and documents" they seek to include within an amended complaint, attach an amended complaint to their response brief, nor file a motion for leave to amend their complaint.

The Court will first address the timeliness of the Korwins' claims. Next, the Court will address the Korwins' threadbare request for leave to amend its complaint.

### A.     The timeliness of the Korwins' causes of action

The Korwins complaint fails to allege sufficient facts to survive State Farm's motion for judgment on the pleadings for two of their four causes of action. As a preliminary matter, the Korwins' contention that a motion for judgment on the pleadings is a "premature" stage for the Court to determine the timeliness of a cause of action is legally incorrect. (Doc. No. 23, at 5.) Courts regularly make timeliness determinations prior to summary judgment. *See Write Start Early Christian Educ. Ctr., LLC v. Nat'l Fire & Marine Ins.*, 836 F. App'x 362, 364 (6th Cir. 2020) (affirming dismissal at the pleadings stage due to the complaints untimeliness and the lack of any allegations "indicating the limitations period did not apply"). This includes cases, such as this one, where the insured-plaintiff contends that the contractual limitations period was waived by the

insurer's conduct. *See, e.g.*, *id.*; *Bolin v. Allstate Prop. & Cas. Ins. Co*, No. 27764, 2018 WL 4049293, at *5 (Ohio Ct. App. 2018) (affirming the dismissal of the insured's breach of contract claim at the pleading stage, even though the insured claimed a waiver occurred, because the of the insured's insufficient allegations). The Court can, and will, consider the timeliness of the Korwins' causes of action at this stage.

The beginning of the analysis is straightforward and uncontroverted. The parties agree that they signed an insurance contract and that the contract included a limitation provision. (*See* Doc. No. 20, at 6–7; Doc. No. 23, at 2 (conceding that there is a "contractual limitation period" but arguing that it was waived by State Farm).) The limitations provision required that all claims be brought within one year of the damage or loss. (Doc. No. 1-1, at 33.) Under Ohio law, parties are free to set a contractual limitations period so long as the period set is not unreasonable. *See Hounshell v. Am. States Ins. Co.*, 424 N.E.2d 311, 313 (1981). A contractual limitations period of one year is not unreasonable. *Id.* (citing *Appel v. Cooper Ins. Co.*, 80 N.E. 955, 957 (Ohio 1907)). Therefore, the limitation provision at issue here is permissible.

Well over a year passed from when the damage to the Korwins home occurred (*i.e.*, June 21, 2020) and the filing of the complaint (*i.e.*, June 5, 2023). The claims covered by the limitations period are therefore untimely unless an exception applies. The Korwins' do not dispute this point. (*See* Doc. No. 23, at 2 (acknowledging the contractual limitations period, but arguing that it was waived through State Farm's conduct).) Having established the limitation provision's validity and effect on covered causes of action, the Court will first consider whether an exception (namely, waiver) applies to the contractual limitations provision for all of the Korwins' causes of action. Thereafter, the Court will consider if any of the Korwins' causes of action are not covered by the limitations provision.

*1. Waiver of the contract's limitation's provision*

The Korwins rely exclusively on allegations of waiver to argue against State Farm's enforcement of the contractual limitation period.[6] (Doc. No. 23, at 2 ("State Farm waived the contractual limitations period[.]").) Upon review, the Court finds, as a matter of law, that the complaint does not contain sufficient factual allegations to support the finding of a waiver.

In some limited circumstances, courts applying Ohio law will find an insurance contract's limitations period waived when the insurer, "by its acts or declarations, evidences a recognition of liability . . . [and] such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract." *Hounshell*, 424 N.E.2d at 314. Recognizing liability for a part of an insurance claim, but clearly and consistently denying coverage for another part of the insurance claim does not amount to conduct triggering a waiver. *See Dominish v. Nationwide Ins. Co.*, 953 N.E.2d 820, 823 (Ohio 2011) (holding that the insurer did not waive the contractual limitations period when it "admitted partial liability, offered a check to cover that liability, and denied further liability[]"). In fact, a "specific denial of liability upon the policy, either totally or in part" is often sufficient to demonstrate that no waiver existed so long as the insurer does not change its position. *Id*. This is true even at the pleadings stage. *See Write*

---

[6] In its complaint, the Korwins seem to anticipate State Farm's future arguments invoking the contractual limitations period by contending that State Farm "should be *estopped* from denying the Korwins coverage of their losses . . . by virtue of State Farm's inaction[.]" (Doc. No. 1 ¶¶ 46–47 (emphasis added).) An insurer can be estopped from invoking a contractual limitations period when the insurer's conduct "has induced [the insured] to change his position in good faith reliance upon that conduct." *Klein v. State Farm Fire & Cas.*, 250 F. App'x 150, 156 n.4 (6th Cir. 2007) (internal quotation marks and citation omitted). Curiously, however, the Korwins shift their arguments in their opposition brief. In their brief, the Korwins do not mention estoppel; they rely exclusively on the theory of waiver. (Doc. No. 23, at 5–6.) Because the Korwins do not raise the argument in their opposition, the Court considers any estoppel arguments waived. Further, the Court finds that the Korwins did not allege sufficient facts in its complaint to have a reasonable chance of prevailing on any estoppel claims. (*See* Doc. No. 1 ¶¶ 46–47 (failing to make allegations that State Farm's conduct induced the Korwins to change their position in good faith reliance).)

*Start*, 836 F. App'x at 365 ("Even partial recognition of liability does not waive the limitations period for the dispute portion of the damage[.]" (internal citation and quotation marks omitted)).

Here, the Korwins' failed to include any allegations within their complaint that would imply a waiver by State Farm. More specifically, the complaint fails to allege that State Farm's conduct implied that it would reverse, or even reconsider, its initial partial denial of coverage. According to the complaint, State Farm issued its partial denial of coverage on July 29, 2020. (Doc. No. 1 ¶ 36.) The Korwins attached this letter to their complaint, and it declares that State Farm will extend coverage to the garage, but not the basement. (Doc. No. 1-2, at 2.) Between the issuance of this letter and when the contractual limitations period passed (*i.e.*, June 21, 2021), the complaint makes no relevant allegations regarding State Farm's "acts or declarations." (*See generally id.*) Sure, the complaint details acts and declarations taken by the Korwins, such as hiring an attorney and expert, having that expert inspect their property, and, potentially, providing the expert's report to State Farm prior to the passing of the limitations period. (*Id.* ¶¶ 38–40.) But the Korwins' acts and declarations are irrelevant to the applicability of waiver; it is the *insurer's* conduct that matters. *See Hounshell*, 424 N.E.2d at 313–14.

The sole act or declaration that State Farm *could* have taken prior to June 21, 2021, according to the complaint, was the hiring of Mr. Ritzler.[7] (*Id.* ¶ 39.) This act provides no factual support for the Korwins argument that State Farm waived the contractual limitations period. The complaint does not allege that Mr. Ritzler, or anyone else at State Farm, communicated with the Korwins in any way prior to Mr. Ritzler asking the couple questions under oath on September 22, 2021. (*See id.* ¶ 42.) The Korwins offer no explanation as to how the sole alleged act by State Farm

---

[7] The complaint does not allege when Mr. Ritzler was hired by State Farm. (Doc. No. 1 ¶ 39.) Viewing the ambiguity in the light most favorable to the Korwins, the Court assumes that State Farm hired Mr. Ritzler prior to June 21, 2021.

during the relevant period (*i.e.*, the hiring of Mr. Ritzler) could be interpreted to be "a recognition of liability" which delayed them from filing suit against State Farm. Due to the complete lack of allegations that could support a finding of waiver, even when interpreted in the light most favorable to the Korwins, the Court finds that State Farm's conduct did not waive the contractual limitations period. As such, if the contractual limitations period applies to a cause of action in the Korwins' complaint, it must be dismissed.

### 2. *General applicability of the contract's limitation's provision*

This leaves the scope of the limitations provision on the Korwins' four causes of action. In its motion for judgment on the pleadings, State Farm argues that the contractual limitation provision covers all four of the Korwins' causes of action. (Doc. No. 20, at 2, 9 (stating that all of the Korwins' claims against State Farm "arise out of" the parties' insurance contract and that the Court "must dismiss [p]laintiffs' suit" because the Korwins failed to file their suit within one year of the damage).) The Korwins present arguments against the application of the limitations period for just one of their causes of action: the second, which alleges insurer bad faith. (Doc. No. 23, at 4.) The Korwins contend that their insurer bad faith claim is a tort, not a contract claim, and thus is not governed by the contract's limitations period. (*Id.*) For the reasons discussed below, the Court finds the limitations provision applies to the third and fourth cause of action and not the first or the second.

Beginning with claims of insurer bad faith, under Ohio law, this cause of action sounds in tort, not in contract. *See Essad v. Cincinnati Cas. Co.*, No. 00-CA-199, 2002 WL 924439, at *6 (Ohio Ct. App., April 16, 2002). Litigants can, and often do, bring the causes of action together. *Id.* at *7. Ohio law distinguishes two types of bad faith claims. "[T]he first is when a claimant must prove the insurer had no lawful basis to deny coverage, and the second is when the claimant does

not have to establish the underlying coverage since the claim arises from the company having a lack of a reasonable justification to act in the manner it did." *Ransom v. Erie Ins. Co.*, 198 N.E.3d 546, 553 (Ohio Ct. App. 2022) (citing *Essad*, 2002 WL 924439, at *7). The viability of the first type of bad faith claim depends on the viability of the party's breach of contract claim. *Essad*, 2002 WL 924439, at *7 ("[For] the first type of bad faith claim, the success of the tort claim hinges on the success of the contract claim."). The second type of bad claim is not so directly correlated. *Id*. Ohio courts have repeatedly found that these types of bad faith claims can survive without an underlying breach of contract claim. *See id.*; *Ransom*, 198 N.E.3d at 553; *Bullet Trucking, Inc. v. Glen Falls Ins. Co.*, 616 N.E.2d 1123, 1127 (Ohio Ct. App. 1992) ("[T]he tort of bad faith is an independent claim which does not necessarily rely on a breach of contract claim for its existence.")

At the early stages of litigation, it may be unclear which type of bad faith claim the insured is bringing. In these circumstances, courts evaluate which bad faith claim(s) could be supported by the allegations in the complaint. *See Ransom*, 198 N.E.3d at 553. In the event that both types of bad faith claims could be supported, the cause of action will survive a motion to dismiss even if the insured's breach of contract claim was untimely. *See, e.g.*, *id.*; *Bullet Trucking*, 616 N.E.2d at 1127 (reversing summary judgment in favor of insurer because although the "[insured-plaintiff's] claim of bad faith was never presented with any specificity[,]" and the breach of contract claims were properly dismissed as untimely, this "does not prevent [insured-plaintiff] from asserting, and indeed prevailing on, its bad faith claim.").

Here, the Korwins' allegations are sufficient to support the second type of the insurer bad faith claim and, thus, the cause of action must survive State Farm's motion on the pleadings. Taking the allegations in the complaint as true, it is entirely possible that State Farm lacked a "reasonable justification" for denying coverage to the Korwins. No representative from State Farm

ever entered the Korwins' home to examine either: 1) the extent of damage to the property; or 2) the source of the water damage. (*See* Doc. No. 1 ¶ 44.) The complaint also alleges that State Farm ignored an expert report, provided by the Korwins, which contradicted the insurer's conclusion that the water damage in the basement was caused by external drains. (*Id.* ¶¶ 32, 44.) Finally, the complaint alleges that some of the evidence documenting the extent—and possibly the source—of the property damage was destroyed by State Farm. (*Id.* ¶ 34 ("[S]omeone . . . at State Farm deleted or otherwise spoliated the photos [Ms. Korwin] took on [the State Farm representative's] camera[.]").) Taken together, the Korwins' allege that State Farm ignored seemingly pertinent and reliable information, refused to conduct even a cursory investigation itself, and destroyed contemporaneous photographs of the damage to their property. State Farm may disagree with this telling of the facts (Doc. No. 25, at 13–14 (claiming that State Farm considered the photos taken by Ms. Korwin)), but this is not the proper stage to raise those disagreements. *Poplar Creek Dev.*, 636 F.3d at 240 ("[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." (citation omitted)). The Korwins' allegations are sufficient to make out a second type of insurer bad-faith claim and to survive a motion to dismiss.

State Farm resists this conclusion. In its reply brief, State Farm dedicates several pages to discussing the insurance contract's language and general rules of contract interpretation.[8] (Doc.

---

[8] Beyond its arguments for the untimeliness of the Korwins' bad faith cause of action, State Farm's reply brief also contends that this cause of action "must be dismissed because they lack [*sic*] merit[.]" (*See* Doc. No. 23, at 12–16.) These merits arguments were not present in State Farm's motion for judgment on the pleadings and appear for the first time in the reply brief. (*Compare* Doc. No. 20, at 8–15 (discussing the general applicability of the limitations provision to all causes of action and the lack of waiver by State Farm) *with* Doc. No. 23, at 12–16 (presenting arguments for why the Korwins' "bad faith claims [*sic*] fail on the merits").) It is well established that arguments made for the first time on a reply brief are considered waived. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (citation omitted). For this reason alone, State Farm's merits arguments related to the Korwins' bad

13

No. 25, at 5–9.) Unfortunately for State Farm, these arguments miss the forest for the trees. As stated earlier, a claim of insurer bad faith sounds in tort, not contract. As such, a general limitation provision, such as the one at issue here, does not apply to this cause of action. *See Hounshell*, 424 N.E.2d at 313 ("[A]n insurance contract may lawfully limit the time within which a suit may be brought *on that contract of insurance* if the period fixed in the policy is not unreasonable." (emphasis added)); *United Dep't Stores Co. No. 1 v. Cont'l Cas. Co.*, 534 N.E.2d 878, 880 (Ohio Ct. App. 1987) (citing *Plant v. Illinois Employers Ins. of Wausau*, 485 N.E.2d 773, 773–74 (Ohio Ct. App. 1984)) ("The tort claim [for insurer bad faith] is independent of the contract of insurance and is not subject to the limitation period contained in the policy."); *Benjamin v. Nationwide Ins. Co.*, No. 65418, 1994 WL 24266, at *2 (Ohio Ct. App. Jan. 27, 1994) (same); *see also M&C Holdings Delaware, P'ship v. Great Am. Ins. Co.*, No. 1:20-cv-121, 2020 WL 4365635, at *10 (S.D. Ohio July 30, 2020), *report and recommendation adopted*, No. 1:20-cv-121, 2020 WL 5904417 (S.D. Ohio Oct. 6, 2020) (collecting cases). Thus, the Court finds this argument unpersuasive.

Next, State Farm's reply brief acknowledges at least some of the case law cutting against its position, but argues that the reasoning of those cases is "erroneous[]" and even "nonsensical[.]" (Doc. No. 25, at 7.) This argument also falls short. As a starting point, the Ohio Supreme Court has not addressed the effect of an insurance contract's limitation provision on claims of insurer bad faith. When federal courts applying state law confront an issue that has not been addressed by that State's Supreme Court, it must "look[] to all the available data" and, importantly, decisions by the state's appeals courts "are binding authority[.]" *Berrington v. Wal-Mart Stores, Inc.*, 696

---

faith claim are denied. Further, even if State Farm properly raised its merits arguments, the Court would not have adopted them at this stage for the reasons discussed above.

14

F.3d 604, 608 (6th Cir. 2012) (citation omitted). To the Court's knowledge, every Ohio court to address this specific question has rejected State Farm's contention that the limitation period applies to insurer bad faith claims. To that point, State Farm does not cite any applicable case law that supports its outlier position. (*See generally* Doc. No. 25.) Further, the Court agrees with the sound reasoning of the case law cited above.

Finally, State Farm contends that "failure on the contract claim is failure on the bad faith claim." (Doc. No. 25, at 9.) This, too, is incorrect. State Farm relies heavily on *Walker v. Safeco Ins. Co. of Indiana*, No. 5:17-cv-2214, 2018 WL 8608323 (N.D. Ohio Aug. 13, 2018) to support this erroneous proposition. (Doc. No. 25, at 9–12.) In that case, the district court dismissed an insured-plaintiff's contract claims as untimely and also dismissed the plaintiff's insurer bad faith claim "because it [could not] stand apart from [plaintiff's] breach of contract claim." *Id.* at *2. *Walker* is inapposite for a relatively simple reason: the insurer-plaintiff in that case did not "argue that her claim is the second type of bad faith claim that could succeed independent of a successful breach of contract claim." *See* 2018 WL 8608323, at *2. Here, the Korwins clearly invoke the second type of bad faith claim in their opposition brief (Doc. No. 23, at 4) and, for the reasons discussed above, the allegations in their complaint are sufficient to support that invocation.

In short, because of the allegations within the complaint can support the second type of insurer bad faith claim under Ohio law, the Korwins' second cause of action survives State Farm's motion on the pleadings.

This leaves the three causes of action which the Korwins did not specifically address in their response: spoliation of evidence (the first cause of action); breach of contract (the third cause of action); and breach of implied covenant of good faith and fair dealing. (Doc. No. 1.) The last two causes of action are contract claims that are clearly covered by the limitations period. *See*

15

*Bullet Trucking*, 616 N.E.2d at 1127 (finding that the breach of contract claims are covered by a limitations provision); *see also Kish v. Magyar*, No. 2015–A–0059, 2016 WL 6069061, at *5 ("There is an implied duty of good faith and fair dealing in every contract." (internal quotation marks and citations omitted)); *Urbassik,* 657 F. Supp. 3d at 1024 (same). As it relates to these two causes of action, State Farm's motion is granted and those causes of action are dismissed.

This leaves the Korwins' spoliation cause of action. In this circuit, spoliation claims are governed by federal law and any ruling on these claims "[are] evidentiary in nature[.]"*Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009). The Korwins' allegations related to the spoliation of evidence are clearly outside of the contract and the limitations period does not apply. For this reason, State Farm's motion is denied for this cause of action.

**B. The Korwins' request, in the alternative, for leave to amend**

With State Farm's motion on the pleadings addressed, the only issue remaining is the Korwins' request—solely in the alternative within its response brief—that they should be given leave to amend their complaint. (Doc. No. 23, at 6.) The Korwins' request states, in full, that if "the Court seek[s] to adjudicate the waiver of the limitations period now at the pleadings stage, then it should grant the Korwins leave to amend their complaint to include the allegations and to incorporate the documents which they assert support a finding of waiver." (*Id.* (emphasis omitted).) The Korwins' request is notable for what it fails to include. It does not provide any indication of the content of the claim saving "allegations" or "documents" it would submit to the Court. Worse still, the Korwins did not actually file leave to amend their complaint, nor did they attach their proposed amended complaint to their response.

The Korwins' scant request is procedurally deficient at least two times over. First, the Korwins' request is untimely, and by a wide margin. The Korwins' request for leave came on

16

February 12, 2024 (*i.e.*, the date they filed their response). (Doc. No. 23.) This was more than sixteen weeks after the deadline for parties to amend their pleadings (October 6, 2023) and more than six weeks after the close of fact discovery (December 30, 2023). (Doc. No. 16, at 1.) Second, and more importantly, the Korwins never filed a motion for leave to amend their complaint with an accompanying memorandum of support. This violates a previous order by the Court, the local rules, and the Federal Rules of Civil Procedure. (*See id*. (requiring that even timely requests for leave to amend be in the form of a motion with the "proposed amended pleading" attached)); *see also* L.R. 7.1(c) (requiring that all motions include "a memorandum of the points and authorities on which it relies in support of the motion[]"); Fed. R. Civ. P. 15(a)(2) (requiring the Korwins to either receive State Farm's written consent, or file for the Court's leave before amending its complaint).

Flippant requests for leave, such as the Korwins' in this case, are generally not allowed because they are unfair. A bare request for leave to amend deprives the opposing side an opportunity to meaningfully respond because the exact proposed changes are unknown. The Court also notes that such requests also amount to a waste of judicial resources for largely the same reason. There is no way for the Court to determine if the Korwins' amendments would meaningfully alter its earlier analysis.

Unsurprisingly, then, the Court is empowered to deny these types of bare requests to amend. *See, e.g.*, *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551–52 (6th Cir. 2008); *Just. v. Petersen*, No. 21-5848, 2022 WL 2188451, at *3–4 (6th Cir. June 17, 2022) ("[D]istrict courts are not required to engage in a guessing game as to what [the plaintiff] might plead to save her claim." (alteration in original) (internal citations and quotation marks omitted)); *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). This remains true even if some

17

causes of action survive the dispositive motion. *See In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 881–82 (S.D. Ohio 2012) ("[The plaintiffs request to amend] is nothing more than an attempt to use the Court's decision as an advisory opinion enabling them to cure any deficiencies in their [c]omplaint."); *Johnson v. FCA US LLC*, 555 F. Supp. 3d 488, 510 (E.D. Mich. 2021) (noting that the "[p]laintiffs [had] not filed a proper motion to amend, nor [had] they presented the Court a proposed Second Amended Complaint that includes the specific factual allegations they wish to add."); *Town of Smyrna, Tenn. v. Mun. Gas Auth. of Georgia*, 129 F. Supp. 3d 589, 599 n.3 (M.D. Tenn. 2015) ("[A] request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." (internal quotation and citation omitted)). Due to the bare nature of the Korwins' request to amend in the alternative, their request to amend their complaint is DENIED.

### IV.     CONCLUSION

For the reasons set forth above, State Farm's motion for judgment on the pleadings (Doc. No. 20) is **GRANTED in part and DENIED in part.** The Korwins' third and fourth causes of action are dismissed with prejudice. The Korwins' first and second causes of action remain. Finally, the Korwins' request to amend their complaint is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 8, 2024

                                              **HONORABLE SARA LIOI**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**